UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARRY L. LEWIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-1838** |
| **UNITED STATES ARMY CORPS OF ENGINEERS, ET AL** | **SECTION: "S" (1)** |

### ORDER & REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Declaratory Judgment and Injunction** (Rec. Doc. 50) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion Requesting the Court to Allow Limited Supplemental Discovery** (Rec. Doc. 46) is **DENIED**.

### BACKGROUND

In this matter, plaintiffs have appealed the United States Army Corps of Engineers ("Corps") approved jurisdictional determination. The matter was brought under the Administrative Procedure Act, and through cross-motions for summary judgment, called upon the court to review the agency decision based upon the administrative record. The scope of the administrative record was previously determined through motion practice. See Rec. Doc. 27.

While the cross motions were under advisement, on June 22, 2020, a new Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 FR 22250-01, 2020 WL 1914736, came into effect (the "New Rule"). The New Rule eliminates the case-specific "significant nexus" analysis upon which the Corp's jurisdictional determination was premised. After the New Rule was enacted, but prior to its effective date, the court directed the parties to file

additional briefing on the impact of the New Rule. The Corps responded that the New Rule did not invalidate the AJD appealed from, which remains valid until its expiration date, citing the New Rule, 85 FR 22250-01, 2020 WL 1914736, *22331-22332.

Plaintiffs acknowledged that the New Rule did not render moot the present case. However, plaintiffs also filed the instant motion seeking declaratory judgment and injunctive relief in addition to that prayed for in their original complaint. The original complaint prayed for an injunction prohibiting the Corps from regulating plaintiffs' property in this case under the Clean Water Act ("CWA"), and a declaration that the approved jurisdictional determination be set aside as arbitrary, capricious, and contrary to law and the United States Constitution.

In the instant motion, plaintiffs seek a declaration that would enjoin "restriction of Plaintiffs' Property, land and roadside ditches"; declares that any land or non-traditionally navigable water located more than one river mile from the nearest traditionally navigable water shall not be regulated by the Corps under the CWA; declares that any land or non-navigable tributary within or above the 100-year flood plain of the nearest traditionally navigable water shall not be regulated by the Corps under the CWA; declares that roadside ditches shall not be regulated by the Corps under the CWA; declares that wetlands and non-navigable tributaries shall be regulated by the Corps under the CWA only when the Rapanos plurality and concurrence standards are met; declares that "'[p]ast and future' percentage wetlands are not covered under the [CWA]"; and declares that any rule or interpretation inconsistent with the order shall not be enforceable in this Circuit.

In addition, plaintiffs seek to conduct discovery regarding how the New Rule will be

interpreted and implemented. Rec. Doc. 46.

## DISCUSSION

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an authorization, not a command." Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962); see also, Soc'y of Separationists, Inc. v. Herman, 959 F.2d 1283, 1287 (5th Cir. 1992). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. If there is jurisdiction, whether to grant a declaratory judgment is within the sound discretion of the trial court. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

The United States Supreme Court has emphasized that the declaratory judgment procedure may not be used to preempt or prejudge issues that are committed to initial decision to an administrative body. Public Service Commission v. Wycoff Company, 344 U.S. 237, 246 (1952); see also, Atl. & Gulf Stevedores, Inc. v. Donovan, 274 F.2d 794, 803 n. 11 (5th Cir. 1960) ("Declaratory relief cannot be used to review or anticipate action of an administrative agency as to which a review procedure. . . is established." ).

Moreover, "[c]ourts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as a part of the claims in the lawsuit." Perry v. H.J. Heinz Co. Brands, LLC, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019)(citing Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC, 2014 WL 3543720, at *4 (S.D. Tex.

July 14, 2014)(citing numerous cases); see also, 6 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1406, at 30-31 (3d ed.) ("When the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, however, a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.")).

In this case, plaintiffs seek a broad declaration establishing a definition of waters of the United States that would exclude their property from CWA jurisdiction. They further request that "any executive agency rule or interpretation inconsistent with the [requested] judgment shall not be enforceable in this Circuit." Thus, plaintiffs seek a judgment that is duplicative of the relief sought in the complaint, and also circumvents the agency's role in future cases.

To the extent plaintiffs seek a declaration to resolve the issues in the present case, the parties' cross-motions for summary judgment under the APA are ruled on in a companion order issued contemporaneously with this order. Additional declaratory relief would thus be redundant and is therefore denied.

Plaintiffs also seek a declaration to forestall future litigation. Because Congress has authorized the U.S. Army Corps of Engineers to pass in the first instance on the jurisdictional determination plaintiffs dispute, this court may not preempt that role. It is not "tolerable . . . that declaratory judgments . . . [be used to] forestall proceedings by the . . . agenc[y] that [is] authorized to try and decide . . . an issue in the first instance. Responsibility for effective functioning of the administrative process cannot be thus transferred from the bodies in which Congress has placed it to the courts." Wycoff, 344 U.S. at 246 (internal citations omitted).

Accordingly, this court will not preempt the role of the agency to interpret the New Rule in the first instance.

Finally, plaintiffs have filed a motion in which they seek to conduct discovery regarding how they anticipate the New Rule will be interpreted and implemented. In light of the foregoing analysis, the motion is moot. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Declaratory Judgment and Injunction** (Rec. Doc. 50) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion Requesting the Court to Allow Limited Supplemental Discovery** (Rec. Doc. 46) is **DENIED**.

New Orleans, Louisiana, this 18th day of August, 2020.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE