UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARRY L. LEWIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-1838** |
| **UNITED STATES OF AMERICA, ET AL** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' **Request for Certification for Appeal, or Alternatively, for Reconsideration of its Order, ECF 66** (Rec. Doc. 68) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the agency for proceedings consistent with this order, which proceedings are to be completed within **60 days** of this order;

**IT IS FURTHER ORDERED** that plaintiffs' claims brought under the Commerce Clause and the Tenth Amendment are **DISMISSED without prejudice as moot**.

### BACKGROUND

On August 18, 2020, this court granted a motion for partial summary judgment filed by plaintiffs, when it determined that the November 2017 Approved Jurisdictional Determination ("AJD") that certain of plaintiffs' property was subject to Clean Water Act ("CWA") jurisdiction was arbitrary and capricious because the administrative record did not adequately support the finding. Rec. Doc. 66. The same order denied the United States of America's and the United

States Army Corps of Engineers (hereinafter, collectively "Corps")' cross-motion for summary judgment on plaintiffs' constitutional law claims, because they were based on the premise that the AJD was valid.

Plaintiffs filed the instant motion seeking certification of the court's ruling, and alternatively, reconsideration, asking the court to vacate the agency decision and make its own de novo ruling based on the administrative record, or in the further alternative, for a modification to the prior remand order to include certain specific instructions. At oral argument, plaintiffs abandoned the request for certification. The Corps opposes the motion, and also argues that plaintiffs' constitutional claims are now moot.

### I.    Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). However, Federal Rule of Civil Procedure 54(b) provides the district court with "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Castrillo v. Am. Home Mortg. Servicing, Inc., 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (citing Melancon v. Texaco, Inc., 659 F. 2d 551, 553 (5th Cir. 1981)). The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., West v. Rieth, 2016 WL 952253, at *1 (E.D. La. Mar. 4, 2016) (Africk, J.); Bernard v. Grefer, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.), Castrillo, 2010 WL 1424398, at *3-4

(E.D. La. Apr. 5, 2010) (Vance, J.).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." Id. "Finally, a Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Katrina Canal Breaches, 2007 WL 496856, at *1 (E.D. La. Feb. 12, 2007).

In the present case, plaintiffs contend two manifest errors of law support reconsideration. First, they argue that the court erroneously believed that the only remedy available to it was remand. Second, they contend that the court erroneously failed to find that jurisdiction was foreclosed under Justice Kennedy's significant nexus test, because the court operated on the false premise that Justice Kennedy's significant nexus test did not require adjacency to a body of water, and the regulated uplands in this case are not adjacent to any body of water.

With respect to the argument that the court need not have remanded the case, but could have conducted its own de novo review of the record and rendered a judgment in this case, the court observes that this argument was previously made by plaintiffs, briefed by all parties, and rejected by court, and thus is not a proper subject for a motion for reconsideration. The court further notes that this suggestion is completely at odds with the court's statement that:

> The court's foregoing critique is not an independent determination that the flow and its effects *are not* substantial – the court's role is not to resolve fact issues on the administrative record. And clearly, there is evidence that some flow occurs: the observed sediment deposits and drift lines containing organic matter within the channel and at the point where the on-site non-RPW enters the offsite

>  unnamed tributary via culvert. Rather, the court finds that the analysis provided
>  does not adequately support the required finding: that the flow is substantial
>  and that it has a significant downstream impact on the TNW.

Rec. Doc. 66, p. 17.

The court concluded that the administrative record was not adequate to support the finding of the agency. It necessarily follows that it cannot be adequate for the court to make its own findings of fact based upon it.

Moreover, it is well-settled that "[if] the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). While plaintiffs contend, relying on Hawkes Co. v. United States Army Corps of Engineers, 2017 WL 359170, at *12 (D. Minn. Jan. 24, 2017), that this case presents a rare circumstance permitting the court to enjoin the Corps from exercising CWA jursidiction over the subject property, the court disagrees.

Hawkes does bear some procedural similarity to the instant case; it involved an AJD request which found CWA jurisdiction, was successfully administratively appealed, following which a revised AJD was issued again finding CWA jurisdiction. Plaintiff filed suit under the APA, and the district court held that the Corps had failed to establish more than a speculative or insubstantial nexus between the wetlands and the Red River. Hawkes, 2017 WL 359170, at *11. However, rather than remand to the Corps, the Hawkes court enjoined the Corps from asserting

CWA jurisdiction over plaintiff's property. In Hawkes, however, unlike the present case, the district court did not unequivocally state that it was not making a finding that no CWA jurisdiction was present, but rather that the record was inadequate to establish it. Rather, the Hawkes court determined that following the administrative appeal, on remand to the agency the Corps did not supplement the administrative record with additional information to support its significant nexus determination, and therefore nothing had changed in the record since the Review Officer had concluded it was inadequate to support a significant nexus finding. 2017 WL 359170, at *11. In this case, following the administrative appeal decision, the administrative record was supplemented and corrections were made to it.

    The Hawkes court also stated that a major consideration in its decision was that because peat mining and processing (the activity for which the plaintiffs sought to use the land) was regulated in Minnesota through permits issued by the Minnesota Department of Natural Resources, another regulatory regime would fill the vacuum left in the absence of CWA jurisdiction, "thereby ensuring that Plaintiffs' peat mining operations will not go unregulated or unchecked." Hawkes, 2017 WL 359170, at *12. A similar reassurance is not present here.

    Thus, the court, while sympathetic to the fact that plaintiffs have been pursuing this matter for eight years, simply does not find that this case presents the rare circumstance that justify an injunction rather than remand, but rather that the usual remand rule, designed to protect the separation of powers, applies.

    With respect to the second contention, that the court erred in failing to find that jurisdiction was foreclosed under Justice Kennedy's significant nexus test, because the court

mistakenly believed that no adjacency to any water body was required under that test, plaintiffs are simply wrong. While the court used the terms "adjacency test" and "significant nexus" test as shorthand for Justices Scalia's and Kennedy's opinions respectively, it did so (as other courts have done) not to suggest that no adjacency to anything is required under Kennedy's test, but for convenience because the terms encapsulate the defining features of the two opinions. In characterizing Justice Kennedy's significant nexus test in the challenged order, the court stated that: "Where the wetlands in question are 'adjacent to navigable-in-fact waters, [the government] may rely on adjacency to establish its jurisdiction.' Id. at 782. Where wetlands are *adjacent to nonnavigable tributaries*, '[a]bsent more specific regulations ... [the government] must establish a significant nexus on a case-by-case basis.' Id." Rec. Doc. 66, p. 7 (quoting Rapanos v. United States, 547 U.S. 715 (2006)(emphasis added)).

      To be sure, the court's inquiry focused on the significant nexus issue, not the adjacency issue; the Corps' significant nexus analysis determination stated explicitly that the required adjacency was present, stating that its "determination applies to wetlands *adjacent to onsite non-RPWs* and similarly situated wetlands." (Emphasis added.) The court's role was not to determine whether that assertion by the Corps was factually correct, but whether the administrative record adequately supported the Corps' significant nexus finding. It found: "the Corps' finding that a significant nexus exists between the subject wetlands *adjacent to man-made ditches*, flowing at unknown rates toward Colyell Bay, a TNW ten to fifteen miles away, is not adequately supported by the record." Order & Reasons, p. 22. Thus, plaintiff's contention that in applying the Kennedy significant nexus test, the court failed require adjacency to any water body is

6

incorrect and provides no basis for reconsideration.

## II. Motion for Modification of Remand Order

In the alternative, plaintiffs have requested the court to modify the remand order to retain jurisdiction over this matter, and to include an admonition that the Corps retain the original record making only needed additions to it (i.e., not develop an entirely new administrative record), that it include a time frame for the Corps to complete its review, that the "Corps not ... repeat its previous errors," by which it seems to mean that the court should limit the Corps' review on remand to the specific deficiencies identified by the court in its order, and finally, that the Corps' should review this matter under the Rapanos significant nexus rule, not the new Navigable Waters Protection Rule ("NWPR), which went into effect on June 22, 2020, while this matter was pending.

The Corps opposes, contending that because the court's order set aside the previous AJD, nothing remains[1] for the court to retain jurisdiction over, and that therefore it must initiate the entire process *ab initio,* applying the currently applicable NWPR and developing a new record. It further argues that for the new AJD process, plaintiffs will have to "get in line" at the back of an already crowded docket of parties seeking AJDs, and this court would exceed its authority by imposing a time limit on the Corps' process.

Well-settled Supreme Court precedent establishes that lower courts cannot make detailed

---

[1] In this vein, the Corps has also argued that because the AJD was set aside, plaintiffs' claims for constitutional violations are moot. Plaintiffs have not disputed this contention, and the court agrees that because the agency action that plaintiffs contend is unconstitutional has been set aside, the constitutional claims predicated on that agency action are moot.

explicit directives to an agency on remand, such as ordering the agency to reach a particular conclusion, or to implement additional procedures on remand. Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 524 (1978). However, it is not unusual for courts to retain jurisdiction in such instances, or to impose time limits for review. The Local Rules of this court require that any subsequent appeal of this matter will be assigned to this court as a collateral proceeding, so it is not necessary to specifically retain jurisdiction over this matter. The court further finds that a time limit of 60 days for the Corps to complete its review, applying the new NWPR, is appropriate.

In imposing a time limit on remand, the court is not overstepping the judicial role in the manner that the United States Supreme Court disapproved of in Vermont Yankee. There, the district court struck down a rule from the Atomic Energy Commission, despite the Commission having followed all of its own procedures, statutory law, and not offending the Constitution. Justice Rehnquist's opinion focused on the uniquely compelling justifications for not encroaching upon agency rulemaking. But the stringent standard articulated in that case does not apply here where the court is merely establishing a deadline for adjudication of issues that have already come before it and may come before it again.

Further, notwithstanding the constraints imposed by Vermont Yankee, the Supreme Court held in that case that "*in the absence of substantial justification* for doing otherwise, a reviewing court may not, after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods, procedures, and time dimension of the needed inquiry. . ." 435 U.S. 519, 545-45 (emphasis added). As discussed below, the court finds

that in this case, substantial justification exists for prescribing a time limit.

Following both the enactment (on January 23, 2020) and the effective date (June 22, 2020) of the new NWPA, the court twice solicited counsel to provide memoranda on the issue whether the new rule, which abolishes the significant nexus test, rendered issues in this case moot. The Corps first replied that because the new NWPR was not yet effective, it could have no effect on the court's ruling, but that once effective, the new rule "may obviate the need for this Court to issue a ruling in this case." Rec. Doc. 47, p. 1. After the rule went into effect, the Corps took the position that "[t]he application of the new rule to Lewis's property has no bearing on those motions," because they addressed an AJD issued under the prior rules. These responses side-stepped the court's specific inquiry: that is, whether, under the new NWPA, the Corps' would consider plaintiffs' property at issue in this case subject to Clean Water Act jurisdiction.

Following the court's setting aside of the AJD in this case based on an inadequate administrative record, at oral argument on the instant motion, the Corps acknowledged that the new rule will apply to the AJD request on remand, and that it may "be good for plaintiffs." In response to the court's inquiry whether the parties would be willing to meet with the Magistrate Judge to attempt an amicable and speedy resolution considering that there may be no fight under the new rule, counsel for the Corps declined to do so. The only substantive basis for the refusal is its contention that further research is required to resolve the issue, but extensive research is not needed to make at least a preliminary inquiry as to whether plaintiffs' property is excluded under the new definitions, which, for example, specifically exclude many ditches and converted crop land from CWA jurisdiction. See 33 C.F.R. 328.3 (eff. 6/22/20). This refusal provides substantial

justification for the court imposing a time limit for the Corps' third review of plaintiffs' request for a jurisdictional determination, a process initiated by plaintiffs eight years ago. Accordingly, the court finds that a time limit of 60 days for the Corps to review this case, under the new NWPA rule, is appropriate. Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' **Request for Certification for Appeal, or Alternatively, for Reconsideration of its Order, ECF 66** (Rec. Doc. 68) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the agency for proceedings consistent with this order, which proceedings are to be completed within **60 days** of this order;

**IT IS FURTHER ORDERED** that plaintiffs' claims brought under the Commerce Clause and the Tenth Amendment are **DISMISSED without prejudice as moot**.

New Orleans, Louisiana, this 26th day of October, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**