## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARRY L. LEWIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  18-1838** |
| **UNITED STATES ARMY CORPS OF ENGINEERS, ET AL** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS ORDERED** that plaintiffs' **Rule 60(b) Motion for Relief from Judgment and for Review of Revised AJD** (Rec. Doc. 82) is **DENIED**.

### BACKGROUND

This matter arises from the United States Army Corps of Engineers' ("Corps") issuance of an Approved Jurisdictional Determination ("AJD") finding that certain of plaintiffs' property was subject to regulatory jurisdiction under the Clean Water Act. Plaintiff appealed the AJD, and the court granted plaintiffs' motion for partial summary judgment, based on its determination that the administrative record did not adequately support a finding that a significant nexus existed between plaintiffs' purported wetland property and a downstream traditional navigable waterway, as required by Rapanos v. U.S., 547 U.S. 715 (2006). The court thus set aside the AJD as arbitrary and capricious, and remanded this matter to the agency for further proceedings consistent with its opinion.

 On a motion for reconsideration filed by plaintiffs, the court imposed a 60-day deadline for the Corps to complete its review. The court also specified that in performing its review, the

Corps should apply the new Navigable Waters Protect Act (NWPA), which had become effective while this matter was pending. The court dismissed without prejudice plaintiffs' Commerce Clause claims and 10th Amendment claims, because the alleged unconstitutional agency action was set aside, so the constitutional claims premised on that action were moot.

The Corps filed a notice of completion after 60 days, stating the review was complete. Rather than revise the previous AJD to establish a significant nexus, the Corps issued a new AJD finding 80.5% of the land is wetlands subject to Clean Water Act jurisdiction (the previous AJD had determined 38% was wetlands). The new AJD recites that if the applicant disagrees with the AJD, it may appeal the AJD under the Corps' Administrative Appeal Process. No administrative appeal has been conducted, and no Administrative Record has been submitted to the court.

Subsequently, the parties jointly submitted a proposed judgment, which the court entered. It reflects that summary judgment was entered for plaintiffs on Count One of the complaint (setting aside the AJD), and that Counts Two and Three (constitutional law claims premised on the AJD) were dismissed without prejudice.

Notwithstanding the joint submission of the proposed judgment, in the interval between requesting it and its being entered, plaintiffs filed the instant motion under Rule 60(b), seeking relief from that judgment. Plaintiffs argue that the Corps did not comply with the court's remand order, and that their constitutional claims are not moot because they fall under exceptions to the mootness doctrine. Alternatively, plaintiffs request the court to review the new AJD.

The Corps opposes, arguing that they complied with the 60-day deadline by issuing a new AJD within that time frame, and if plaintiffs seek to challenge the new AJD, they must file a

2

new complaint challenging the agency action. With respect to plaintiffs' argument that the constitutional claims are not moot, the Corps contends that the challenged agency action is not "capable of repetition yet evading review," because each AJD for each parcel is unique and rests upon its own record, and that the "voluntary cessation" exception does not apply, because the Corps did not voluntarily withdraw the 2017 AJD.

## DISCUSSION

Rule 60(b)(6) provides that a court may relieve a party from an order for any reason that justifies relief. Plaintiffs argue that relief is justified in this case because the Corps did not comply with the court's mandate on remand.

### *The Corps has complied with the court's mandate.*

The mandate rule "provides that a lower court on remand must 'implement both the letter and the spirit of the [appellate court's] mandate,' and may not disregard the 'explicit directives' of that court." United States v. Becerra, 155 F.3d 740, 753 (5th Cir. 1998) (citing Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1370 (5th Cir.1992)). " 'Although primarily applicable between courts of different levels, the . . . the mandate rule appl[ies] to judicial review of administrative decisions [.]' " Brown v. Astrue, 597 F. Supp. 2d 691, 695–96 (N.D. Tex. 2009) (quoting Grigsby v. Barnhart, 294 F.3d 1215, 1218 (10th Cir. 2002)) (other citations omitted).

When a court remands a matter to an agency because the agency's proffered grounds for its action are inadequate, the agency on remand may either "offer a fuller explanation of the agency's reasoning at the time of the agency action" or "[a]lternatively, the agency can deal with the problem afresh by taking new agency action." Dep't of Homeland Sec. v. Regents of the

Univ. of Cal., 140 S. Ct. 1891, 1907-08 (2020). "An agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action." Id.

In this case, the Corps chose the latter approach, and issued a new AJD, which, while not the route anticipated by either the court or the plaintiffs, it was entitled to do. The Corps was also required to complete its review within 60 days,[1] and plaintiffs contend it has not done so, because an administrative appeal is still required before a court may review the matter.

"Because the purpose of APA § 704 is to allow the agency a full opportunity to consider and correct its own mistakes, the agency may waive otherwise applicable exhaustion requirements where it deems fulfillment of those requirements to be unnecessary. The agency's action would then be 'final,' and subject to APA review." In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 191 n. 8 (2d Cir. 2004). At oral argument on this case, counsel for the Corps stated on the record that there was no exhaustion requirement for seeking judicial review of an AJD, and therefore "we don't see that as an issue." The court construes this as a waiver of any exhaustion objection by the Corps. Accordingly, while plaintiffs are not entitled to Rule 60 relief based on their contention that the Corps did not satisfy the court's mandate on remand, they may seek immediate judicial review of the new AJD.

***No exception to the mootness doctrine applies to plaintiffs' constitutional claims.***

Plaintiffs' complaint alleges that the 2017AJD violated their constitutional rights. Thus, when the 2017 AJD was set aside, the claims were dismissed as moot. In the instant motion,

---

[1]In accordance with Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519 (1978), the court previously determined that substantial justification existed for imposing the 60-day time limit. See Rec. Doc. 80.

plaintiffs contend that their constitutional claims are subject to an exception to mootness, because the agency action challenged is one capable of repetition, yet evading review. See Kingdomware Techs., Inc. v. U.S., 136 S. Ct. 1969, 1976 (2016). This exception addresses situations where "injuries occur and are over so quickly that they always will be moot before the federal court litigation process is completed." ERWIN CHEMERINSKY, FEDERAL JURISDICTION 138 (6th ed. 2012).

Roe v. Wade, 410 U.S. 113 (U.S. 1973), provides the paradigmatic example of a wrong capable of repetition but evading review. In Roe, the plaintiff was pregnant when she filed her complaint challenging state abortion laws, but the pregnancy was completed by the time the matter reached the Supreme Court, making her case moot. Id. Nevertheless, the Supreme Court declined to dismiss the case as moot, determining that due to the fleeting nature of pregnancy, challenges to state laws prohibiting abortions "truly could be capable of repetition yet evading review." Id. at 125.

The exception is inapplicable here. The alleged unconstitutional action in this case, the issuance of an AJD which allegedly over-regulated plaintiffs' property, did not occur so quickly it could not be litigated. The AJD was challenged at the administrative level, judicially reviewed by this court (where it was litigated to a final judgment in plaintiffs' favor setting aside the AJD), and is currently on appeal. Further, by this order, plaintiffs may immediately seek judicial review of the Corps' new AJD. Clearly, the agency has not evaded review of its action.

Plaintiffs also contend their claims are excepted from the mootness doctrine because the Corps voluntarily ceased its allegedly improper behavior. Specifically, plaintiffs argue that in

applying the NWPR, the Corps "voluntarily reversed its claim/fact of regulating Plaintiffs' drylands in this remand AJD and evaded review of its unconstitutional action."[2] However, as set forth above, the Corps was at liberty to issue a new AJD on remand, and in addition to the fact that the court's mandate required the Corps to apply the NWPA, the NWPA provided the applicable regulations at the time of the Corps' review. As also previously noted, the Corps has not evaded review of the new AJD; rather, it is subject to judicial review. Accordingly, plaintiffs have not demonstrated that an exception to the mootness doctrine applies to their constitutional claims that were dismissed without prejudice.

Plaintiffs have not established that they are entitled to relief from the court's judgment, and therefore,

**IT IS ORDERED** that plaintiffs' **Rule 60(b) Motion for Relief from Judgment and for Review of Revised AJD** (Rec. Doc. 82) is **DENIED**.

New Orleans, Louisiana, this  14th  day of April, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2]Rec. Doc. 91, p. 2.